■ HENRY R. BENJAMIN, JR., et al., Appellants, v MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered June 6, 1989, *inter alia,* granting a motion by defendant, pursuant to CPLR 3211 (a) (5), dismissing the complaint, unanimously reversed, on the law and facts, the complaint reinstated and the motion denied, without costs.

Plaintiffs-appellants (the Benjamins) are descendants of Henry Rogers Benjamin (Benjamin) and his first wife. Benjamin died in 1967 and his will was admitted to probate on March 13, 1967. His will directed that approximately $6 million, one half of his residuary estate, be placed in trust for the benefit of his third wife, Germaine, who was to receive at least $100,000 annually therefrom. Defendant-respondent Morgan Guaranty Trust Company (Morgan) was designated as a trustee of the trust. The will further directed the trustees, upon Germaine's demise, to dispose of the remaining principal as Germaine appoints in her will. In the event of Germaine's failure to exercise, or an invalid exercise of her power of appointment, the trustees were directed to distribute the remaining principal of this trust estate to the testamentary trustees of trusts established under the will for the benefit of Benjamin's children and their heirs, the plaintiffs herein. The balance of Benjamin's residual estate was placed in these descendants' trusts. Morgan and plaintiff Henry Rogers Benjamin, Jr. were designated trustees of this trust.

Germaine died in 1986. In her will she exercised a power of appointment over the marital trust, devising the residual of her trust, some $700,000, to the University Hospital for Cancer and Allied Diseases and the Southampton Hospital Association. When Morgan and the other executor of Germaine's estate offered her will and codicil for probate, the Benjamins objected on the grounds of lack of due execution and testamentary capacity and of undue influence upon Germaine in the exercise of her power of appointment.

During discovery in Surrogate's Court, plaintiffs learned that in 1972 the beneficiaries of the power of appointment had executed waivers of all rights to object to any payment of trust principal made to Germaine Benjamin by the trustees; that Germaine had released and promised to indemnify Morgan; and that she had assured the trustees that she would not alter the appointment. Plaintiffs then asserted an alternative claim of a scheme to deplete the trust by Germaine and the trustees. They argued that if the Surrogate found testamentary capacity and an absence of undue influence, he should then consider whether the exercise of the power of appointment was voidable because Germaine failed to carry out Benjamin's intent that all of the trust property pass at her death to her appointees and, instead, misused the power to consume $5.3 million of the trust property during her lifetime. However, when Morgan and the other proponents of Germaine's will moved for summary judgment, arguing that the latter claim could not be raised in that proceeding (SCPA 1408 [2]), plaintiffs withdrew this alternative claim, informing the Surrogate that they would commence the instant proceeding in Supreme Court, New York County.

The Surrogate's Court, Suffolk County (Ernest Signorelli, S.), by order entered December 13, 1988, granted Morgan's motion for summary judgment, rejecting the objectants' claims of improper execution of the power of appointment, lack of testamentary capacity, undue influence and fraud. The Surrogate also rejected objectants' challenge to a $500,000 bequest by Germaine to her attorney, which bequest was outside the trust and power of appointment, on the ground that the objectants had no standing as either distributees of her will or as persons whose interests under a prior will were adversely affected.

In this action plaintiffs allege violations of Benjamin's testamentary document in the massive invasion of the principal of the marital trust during Germaine's lifetime and in her exercise of the power of appointment in favor of the two

charities who consented to such invasions, and Morgan's breach of its fiduciary duty to the remaindermen of the marital trust. The complaint seeks to nullify Germaine's exercise of the power of appointment, distribution of the remaining principal of the marital trust to the descendants' trusts and removal of Morgan as trustee of the descendants' trusts. In their briefs to this court, plaintiffs further seek to surcharge the trustee for improper invasions of the principal of the marital trust.

Prior to answering, Morgan, without informing the IAS court that plaintiffs objectants had withdrawn the instant claims from the Surrogate's consideration, moved to dismiss the complaint on the grounds of res judicata (CPLR 3211 [a] [5]). Plaintiffs, in opposition to summary judgment, pointed out that these claims had been withdrawn in the Surrogate's Court proceedings.

The IAS court granted the motion to dismiss. The court reasoned that the Surrogate's conclusions that Germaine possessed testamentary capacity, that there was no evidence of coercion and that plaintiffs objectants lacked standing barred the instant claims since they arise out of the same transaction or series of transactions, even if based on different theories (citing *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193 [1981]).

Initially, we find that the IAS court erred in its conclusion that the Surrogate had previously determined that plaintiffs lacked standing to raise the present challenge. That conclusion by the Surrogate related only to a separate bequest to Germaine's attorney, which bequest was entirely outside the Benjamin trust. As contingent remaindermen of the testamentary trust under the original will of Benjamin, plaintiffs continue to have standing to raise the instant issue. (SCPA 2205.)

Further, while the Surrogate noted the commencement of the instant action and found that the evidence did not support a finding of undue influence, he made no attempt to definitively resolve the issues in this proceeding or the consequences of Germaine's active participation in the invasion of trust principal.

The doctrine of res judicata is inapplicable when, as here, one action concerned the validity of Germaine's exercise of the power of appointment in her will and the other concerns the wrongful conduct of Germaine and the trustees under the Benjamin will. The claims raised herein could not have been

properly raised in the Surrogate's Court proceeding. (SCPA 1408 [2]; *see, Matter of Carroll,* 247 App Div 11 [1st Dept 1936], *mod* 274 NY 288 [1937].) Moreover, Morgan, which raised this argument before the Surrogate's Court, resulting in plaintiffs' withdrawal of these claims, impliedly agreed that plaintiffs could split their claims and is estopped from now changing its position to plaintiffs' disadvantage. *(Karasik v Bird,* 104 AD2d 758 [1st Dept 1984]; *Brown v Lockwood,* 76 AD2d 721, 740 [2d Dept 1980]; *Continental Ins. Co. v Colangione,* 94 AD2d 916, 919 [3d Dept 1983].)

We note that plaintiffs are nonetheless confronted with the Surrogate's factual finding that Germaine's invasions of trust principal were consistent with Benjamin's testamentary intent. However, this finding does not warrant dismissal of the action as (1) this factual finding was not essential to the Surrogate's determination that Germaine possessed testamentary capacity and that there was no undue influence or fraud, and (2) defendant has not sought dismissal on the basis of collateral estoppel or issue preclusion. Concur—Kupferman, J. P., Ross, Rosenberger, Kassal and Smith, JJ.