OPINION OF THE COURT
Ernest L. Signorelli, S.
In this contested action to, inter alla, invalidate the exercise of a power of appointment, a motion has been made by one of the intervenors for summary judgment dismissing the said action. The plaintiffs oppose the instant motion.
Decedent died on February 22, 1967 leaving a will that was admitted to probate on March 13, 1967. Pursuant to the provisions of article Thirteenth (a) of his will, the decedent devised and bequeathed one half of his residuary estate in trust (marital trust), with the net income therefrom payable to his spouse, during her lifetime. In addition, the trustees had discretionary power to invade the marital trust corpus for the benefit of the spouse. In an effort to guide the trustees in the exercise of their discretion, the decedent indicated that it was his desire that his spouse receive from the trust, a minimum of $100,000 per year, i.e., utilizing the net income *127 augmented by the principal. The spouse was granted a general power of appointment over the marital trust corpus. In the event of a default in the exercise of said power, or, in the event the said power was invalidly exercised, then the remaining principal of the marital trust was to inure to the decedent’s descendants, the plaintiffs herein.
During the period 1967 to 1972, the trustees of the marital trust, in addition to the distribution of the trust income, made distributions of trust principal to the decedent’s spouse in excess of the minimum annual amount specified in the decedent’s will. In or about August 1972, the corporate fiduciary of the marital trust contacted the spouse’s law firm in order to express its concern over the continuing invasions of trust principal which had been and were continuing to be made by it on the spouse’s behalf, and, at her request, for her support and maintenance. Specifically, the corporate fiduciary informed the said firm that if discretionary invasions for the benefit of the spouse were to continue to the same extent as they had in the past, then releases would have to be obtained from those persons in whose favor she intended to exercise the power of appointment granted to her under the decedent’s will. Additionally, the corporate fiduciary requested that the spouse supply it with an agreement indemnifying it against all liability for past and future invasions of trust principal, as well as an assurance that she would not change the appointees of the power from whom the aforesaid releases were to be obtained. These assurances were made by the spouse and the necessary releases were procured. Subsequent thereto, the spouse executed her will, wherein she exercised the power of appointment granted to her over the marital trust corpus in accordance with the said agreement. Invasions of trust principal continued to be made on the spouse’s behalf, which invasions, at the time of her demise, consumed approximately 85% of the marital trust corpus.
The spouse died on the 1st day of December 1986 leaving a will and codicil thereto. The probate of the said documents was contested by the plaintiffs and others. This court, in that probate proceeding, granted summary judgment to the proponent finding that as a matter of law the spouse’s will and codicil thereto were duly executed, that she had testamentary capacity and that the said documents were neither the product of fraud nor undue influence. By a decree dated November 30, 1989 the will and codicil were admitted to probate. Consequently, as a result of the exercise of the power of appoint *128 ment two hospitals became the beneficiaries of the marital trust corpus.
The decedent’s descendants had previously commenced an action in the New York County Supreme Court against the corporate fiduciary who is the trustee of the marital trust and a cotrustee of the trusts created under article Thirteenth (b) of the above decedent’s will for the benefit of his descendants (descendants’ trusts). Plaintiffs are seeking the following relief, to wit: (1) the invalidation of the exercise of the aforesaid power by the spouse; (2) removal of the corporate defendant as a cotrustee of the descendants’ trusts; (3) compelling an accounting of its stewardship of those trusts; and (4) both compensatory and punitive damages for the unauthorized payment of marital trust principal and for the defendant’s breach of its fiduciary duty owed to the descendants’ trusts. The corporate fiduciary filed an answer containing denials and affirmative defenses, to wit, plaintiffs’ lack of standing, res judicata, and cy pres.
It is alleged in the complaint, that the corporate defendant was motivated to violate its fiduciary duty and entered into a fraudulent and collusive arrangement with the spouse whereby the unauthorized payment of the marital trust principal would be made to the spouse in anticipation that the said fiduciary would be nominated as an executor of the spouse’s rather substantial estate.
While the instant litigation was pending in the New York County Supreme Court, the corporate defendant moved to dismiss the instant complaint on the ground of res judicata, in that the issues raised therein were decided in the contested proceeding to probate the spouse’s will and codicil which took place in the Suffolk County Surrogate’s Court. That relief was granted by the New York County Supreme Court. However, the Appellate Division, First Judicial Department, reversed holding that the defense of res judicata was not applicable since the issue before the Surrogate involved the validity of the will whereas the instant complaint deals with the alleged collusive conduct of the marital trustee and the spouse.
Following the reversal by the appellate court, the action was transferred to this court. Thereafter the residuary beneficiaries of the spouse’s estate, who are the appointees of the marital trust corpus, as well as the executors of the estates of the above decedent and of his spouse were allowed to intervene as party defendants.
*129 One of the intervenors, Southampton Hospital Association, has made the instant motion for summary judgment on the following grounds: (1) that the plaintiffs lack standing to bring the instant action; (2) that there is no basis for invalidating the exercise of the power of appointment; (3) a waiver by the plaintiffs of the claims asserted in the instant complaint; and (4) res judicata.
Insofar as the plaintiffs’ status is concerned, that issue was resolved by the Appellate Division, First Judicial Department, in its decision reversing the New York Supreme Court’s dismissal of the instant complaint, wherein the appellate court found that the plaintiffs have standing to bring the instant litigation. (Benjamin v Morgan Guar. Trust Co., 163 AD2d 135.)
The corporate trustee is cofiduciary of the descendants’ trusts which trusts are a conduit for the receipt by the above decedent’s descendants of the marital trust corpus should their beneficial interest therein materialize. On two separate occasions the said fiduciary filed interim accountings of its stewardship of the marital trust which reflected the invasions of principal, of which one of the plaintiffs was fully apprised in view of the fact that he had been cited and did not file objections thereto. Notwithstanding this fact, the movant, nevertheless, cannot rely on the defense of waiver and res judicata since the plaintiffs were not aware of the alleged acts of fraud and collusion, and first learned of their commission subsequent to the filing of the said two accountings. Moreover, the alleged unwarranted distribution of the trust corpus continued to be made beyond the said accounting dates.
Finally, the movant requests summary relief based upon the contention that the decedent’s spouse validly exercised the power of appointment under her husband’s will.
Plaintiffs contend that an agreement to exercise a power of appointment is invalid in view of EPTL 10-5.3. Although the said statute states that such an agreement is unenforceable it, nevertheless, states that where the promisor of said agreement has been granted a general power of appointment in the decedent’s last will and testament, his exercise thereof does not contravene the said statute. A donee of a general power of appointment has the unfettered right to select the appointees. (Matter of Rogers, 168 Misc 633; Cutting v Cutting, 86 NY 522.) Since the spouse had a general power of appointment, it is irrelevant what her motive was in exercising the *130 said power, even assuming arguendo, that a collusive arrangement existed between the spouse and the corporate fiduciary.
Consequently, the court finds that no factual controversy exists as to the validity of the exercise of the power of appointment by the spouse and, accordingly, summary judgment is granted dismissing the cause of action that seeks the invalidation of the exercise of the said power of appointment.
The plaintiffs also seek relief against the corporate defendant who is the trustee of the descendants’ trusts under the decedent’s will, which trusts consist of nonmarital trust assets, i.e., the balance of the decedent’s residuary estate. Specifically, the plaintiffs seek removal of the corporate fiduciary as a cotrustee of this trust due to a conflict of interest, i.e., having permitted unwarranted withdrawals of principal from the marital trust to the detriment of the beneficiaries of the descendants’ trusts. In this connection they are also seeking an accounting and compensatory and punitive damages. In order to recover compensatory damages against the said defendant in its cotrustee capacity, the plaintiffs must demonstrate that as a direct result of the defendant trustee’s conduct the decedent’s spouse failed to exercise the power of appointment in favor of the descendants’ trusts. The decedent’s spouse did fail to exercise her power of appointment in plaintiffs’ favor. However, as indicated in this court’s decision granting summary judgment in the proceeding to probate the spouse’s will, the decedent’s spouse was an extremely independent woman who could not be manipulated in her selection of appointees to inherit the trust remainder after her demise. In fact, her exercise of the power of appointment was consistent with her testamentary desires as evidenced by three prior instruments in which she chose not to name the plaintiffs as beneficiaries.
Consequently, since the selection of the appointees of the trust corpus was solely the choice of the decedent’s spouse, and not made as a result of any influence by the corporate fiduciary, compensatory damages may not be recovered against the corporate defendant as trustee of the marital trust and as a cotrustee of the descendants’ trusts. Absent such a recovery for compensatory damages, punitive damages may not be awarded. (North Am. Co. for Life & Health Ins. v Pennington, 132 AD2d 972, decision amended 133 AD2d 547; 36 NY Jur 2d, Damages, § 174.)
Finally, there exists a question of fact as to whether the *131 alleged arrangement entered into between the spouse and the corporate fiduciary placed the said fiduciary in a position of conflict. Consequently, the application for summary judgment dismissing the causes of action seeking removal of the corporate fiduciary as a cotrustee of the descendants’ trusts and for an accounting is denied.