OPINION OF THE COURT
Renee R. Roth, S.
Incident to this probate proceeding in the estate of Belle *44 Morse, proponents seek to strike the objections filed by two of decedent's grandchildren, Carol Holtby and Kenneth Morse, and their mother, Jane Morse (respondents).
Testatrix died on July 27, 1996, at the age of 89, survived by her daughter, Susan Berson, and the two above-named grandchildren (issue of a predeceased son). Her gross estate was valued at over $11 million. Under the propounded instrument, dated June 9, 1994, after making preresiduary gifts totaling about $1.4 million to 22 individuals and charities (including property valued at $750,000 to Susan; $10,000 each to Carol, Kenneth, and Carol’s husband; and a trust of $200,000 for the income benefit of Carol and Kenneth measured by the life of their mother, Jane Morse), decedent left her residuary estate outright to her daughter Susan.
Two earlier wills have been filed in the court, one dated April 2, 1992, and the other dated July 19, 1990. Although there are no material differences between these prior wills, they differ significantly from the propounded instrument in two respects. First, under the earlier wills, only 45% of the residuary estate was left to Susan, with 30% left in trust for the benefit of Carol and Kenneth during the lifetime of Jane (who was included with her children as a sprinklee of benefits from the trust) and 25% left to the Belle O. and Carl A. Morse Foundation, Inc. It is noted, however, that the instrument contained no preresiduary trust for Carol and Kenneth. Second, the prior wills designated three individuals (including the draftsman, Howard Fleischman, Esq., as well as Susan and her husband, Leonard, an attorney) to serve as executors along with the bank; designated Fleischman, Jane and the bank as trustees of the trust for Carol and Kenneth; and designated Leonard, Fleischman. and the bank as trustees of any other trust thereunder. The propounded instrument eliminates Fleischman as a fiduciary.
On August 14, 1996, after consulting with counsel, Carol signed a waiver and consent to probate which she did not forward, however, because of a telephone call from Fleischman, who alerted her to the prior wills. On August 22, 1996, he filed the two above-described earlier instruments in the court.
Thereafter proponents, on September 12, 1996, filed their petition for probate. Around that date, lawyers for Carol, Kenneth and Jane asked Leonard if Susan would make “a monetary gesture” towards her niece and nephew and suggested a meeting. Leonard’s response is undisputed: although he did not rule *45 out the possibility of such a concession, the proposed meeting would not occur so long as the grandchildren refused to sign waivers and consents.
Carol, on October 7, 1996, re-executed the waiver, which was sent to proponents by her counsel. No such instrument was signed by Kenneth. Instead, he was served with a supplemental citation returnable on November 22, 1996. No one appeared in court on his behalf on that date. On December 3, 1996, however, a firm of attorneys filed a notice of appearance on behalf of Carol, Kenneth and Jane. On May 5,1997, after SCPA 1404 examinations were concluded, respondents jointly filed objections.
Although the objections have been filed, they are nonetheless a nullity for the purposes of Carol and Kenneth unless she is relieved of her waiver and he is relieved of his default. Jane, by contrast, did not sign a waiver and consent and did not default. She did, however, execute an oath and designation to serve as a trustee under the propounded instrument. Jane’s objections are valid only if she prevails against proponents’ arguments that she (1) lacks standing and (2) in any event is estopped from objecting in view of her oath and designation.
We turn first to the question of Jane’s standing to object to probate. Such issue arises under SCPA 1410, which allows a person to file objections to probate if her “interest in property or in the estate of the testatfrix] would be adversely affected by the admission of the will to probate”. Jane claims to fall within that category as a permissive recipient of trust income or principal under the prior wills whose interest would be lost under the propounded instrument. Proponents, on the other hand, argue that Jane’s stake as a beneficiary under the prior wills is too speculative to give her the type of “interest” that qualifies her to object under SCPA 1410.
There is no judicial comment concerning the standing of a sprinklee under a prior will to object to the probate of a later will, or to a portion of a later will, that removes such benefit. It is noted that the standing requirement is a protection against “vexatious litigation and suits by irresponsible parties who do not have a tangible stake in the matter” (Alco Gravure v Knapp Found., 64 NY2d 458, 466). Limitations on standing are thus designed to assure that only persons having a practical concern for the outcome of an issue — as opposed to one “resting on sentiment or sympathy” (Matter of Davis, 182 NY 468, 472) — be allowed to have their day in court with respect to it. Thus, what differentiates the “interest” that affords standing from *46 the “interest” that does not is the former’s pecuniary or financial nature (Matter of Bahrenburg, 200 Misc 959, 960). In that light, it has been noted that “any one who would be deprived of property in the broad sense of the word * * * is authorized to appear and be heard upon the subject” of whether a will that would thus affect him adversely should be admitted to probate (Matter of Davis, 182 NY, supra, at 472). Accordingly, standing to object to probate does not require an interest that is “absolute”; a contingent interest will be enough (see, Matter of Silverman, 91 Misc 2d 125). In other words, the uncertainty of an interest should not preclude its holder from seeking to protect it, i.e., she should have standing to object to a propounded instrument that makes the possibility of benefit even more remote or eliminates such possibility entirely.
It is in the same light that persons whose interests are contingent are allowed standing to object to accountings by fiduciaries under SCPA 2205 and 2210. Among the contingent interests that have been given standing in the context of accounting proceedings are those of potential takers in default of a power of appointment (Benjamin v Morgan Guar. Trust Co., 163 AD2d 135) and prospective sprinklees of income and appointees under powers of appointment that have not yet been exercised (Matter of Ziegler, 157 Misc 2d 423). Thus, even when a beneficial interest in a trust is subject to a condition precedent, that uncertainty is not enough to deny standing to the party who seeks to protect the trust property to which such interest relates.
Accordingly, it is concluded that Jane’s “property interest” as a sprinklee of a trust under a prior will, adversely affected by the propounded instrument, is the type of interest contemplated by SCPA 1410 and, as such, gives her standing to object to probate of the provision in the will which revokes her benefit.
With respect to Jane’s oath and designation, proponents contend that her undertaking to serve as a trustee under the propounded instrument is inconsistent with her pleadings. There is no such inconsistency, however, to the extent that Jane’s objections challenge, not the will as a whole or the creation of the trust itself, but rather, only her exclusion as a potential beneficiary of the trust.
Based upon the foregoing, proponents’ motion to strike the objections is granted as to Jane.