Colalillo v Malatesta (2024 NY Slip Op 50308(U))

[*1]

Colalillo v Malatesta

2024 NY Slip Op 50308(U)

Decided on March 21, 2024

Supreme Court, Queens County

Maldonado-Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 21, 2024
Supreme Court, Queens County

Gilda Colalillo and Dino Colalillo, Plaintiffs,

against
Michael J. Malatesta, as Trustee of the Malatesta Revocable Trust, Defendant.

Index No. 724936/2022

Scott P. Benjamin, Esq., for Plaintiff 
Ezra Huber, Esq., for the Defendant

Lumarie Maldonado-Cruz, J.

This matter was originally assigned to Part 19 and transferred to the undersigned in Part 32 on November 13, 2023.
PAPERS NUMBERED
Plaintiffs' Notice of Motion-Affirmation-Affidavits-Exhibits-Memorandum of Law E 13-21
Defendant's Notice of Cross Motion-Affirmation in Support-Exhibits-Affirmation in Further Support-Memorandum of Law E 22-28
Plaintiffs' Memorandum of Law in Opposition to Cross Motion-Affirmation in Opposition E 29-30
Defendant's Affidavit or Affirmation in Reply E 32
The primary issue in both Plaintiffs' motion to dismiss and Defendants' cross motion to dismiss is whether the joint-tenant's deed recorded eight (8) days after her death unilaterally severed the joint tenancy she shared with her brother in the subject real property and whether it violated Real Property Law § 240-c in that it was recorded after her death. Because this is a mixed question of fact and law, the question then becomes "is the recording process complete when the deed is delivered to the title company for filing or when said deed is actually filed with ACRIS?" This Court finds that Plaintiff's motion to dismiss is GRANTED in part and DENIED in part. This Court further finds that Defendant's cross motion to dismiss is DENIED, in its entirety. The portion of the Plaintiff's application for a trial order of preference is GRANTED given Plaintiff Gilda (hereinafter 'Gilda") is beyond the age of seventy (CPLR § 3403(4)) and enjoys standing to quiet title based upon reversion language in the 2004 Constructive Trust.
PROCEDURAL BACKGROUND
By deed dated August 22, 1969, Plaintiff Gilda and her late husband, Gaudenzio Colalillo (hereinafter "Gaudenzio") received the subject property as owners in fee simple as tenants in the entirety.
Some thirty-five years later and as a matter of estate planning, by deed dated October 25, 2004, Gilda and Gaudenzio transferred the property to their children, Dino Colalillo and Luisa Malatesta (hereinafter "Dino" and "Luisa" respectively), as "Joint Tenants with right of survivorship" and retained a life estate. Simultaneously, Gilda, Gaudenzio, Dino, and Luisa entered into a Constructive Trust Agreement, which provided that should either Dino or Luisa predecease their parents, any interests in the property would then be distributed according to Gilda and Gaudenzio's Last Will and Testament.
On November 11, 2014, Gaudenzio's life estate was extinguished upon his demise.
In 2015, Luisa was diagnosed with cancer and hired an attorney to conduct Estate planning.
On October 30, 2020, Luisa created a joint revocable trust (the Malatesta Revocable Trust - hereinafter "the trust"), naming Luisa and the Defendant, her husband, as Joint Trustees. Defendant alleges in his answer with counterclaims that Luisa contacted Dino during the Estate planning process, informed him of her intention to sever their joint tenancy and convey her interest to the trust, and obtained his verbal consent to do so.
On April 8, 2021, a deed was duly executed, and, on the same day, Luisa funded the trust by transferring her contingent remainder interest in the subject real property. That same day, the deed was provided to a title company for recording with the New York City Real Property Register's office.
On July 5, 2021, Luisa died.
Eight (8) days later, on July 13, 2021, the executed deed, dated April 8, 2021, was recorded with the New York City Real Property Register's office. 
On November 28, 2022, Dino, and Gilda (collectively "Plaintiffs") commenced this action to quiet title to the subject property pursuant to Article 15 of the Real Property Actions and Proceedings Law.
On March 10, 2023, Defendant filed an answer with counter claims arguing that Gilda lacks standing as her life estate is not affected by the decedent's transfer; that Dino's claim is not ripe as his remainder interest is conditional and Gilda is still very much alive; and that the transfer occurred with Dino's full knowledge and consent and thus RPL §240-c(2) is inapplicable in that and that the essence of the statute is to solely prevent fraudulent transfers.
On March 31, 2023, Plaintiffs filed the instant motion to dismiss arguing the Defendant's first, second, and third affirmative defenses should be dismissed pursuant to CPLR § 3211(b) because they lack merit in that the deed dated April 8, 2021, was recorded after Luisa's death in violation of RPL § 240-c(2) and thereby did not to sever the joint tenancy. Finally, in accordance with CPLR § 3403, Plaintiffs move for an order of preference, expedited discovery and a bench trial due to Gilda's advanced age.
On May 8, 2023, Defendant filed a cross motion for dismissal of the Plaintiff's complaint based on the affirmative defenses arguing that 1) the legislative intent behind RPL § 240-c(2) supports a finding that the deed dated April 8, 2021, was a valid severance of Luisa and Dino's joint tenancy; 2) Gilda, a named party Plaintiff, does not have standing in the instant matter; and 3) Dino's cause of action is not yet ripe.
ANAYLSIS
Plaintiff's Motion to Dismiss Pursuant to CPLR § 3211(b)
Plaintiffs moved to dismiss defendant's first, second, and third affirmative defenses and counter-claim pursuant to CPLR § 3211(b), alleging that Defendant's claims are without merit.
In a motion to dismiss affirmative defenses, like in motion to dismiss for failure to state a cause of action, movant bears the burden of proof to demonstrate that said defenses are meritless as a matter of law and the Court must accept the factual allegations of those defenses as true. See CPLR § 3211(b); Lewis v U.S. Bank Nat'l Ass'n, 186 AD3d 694 (2nd Dept. 2020).
Real Property Law § 240-c provides in relevant part:
1. In addition to any other means by which a joint tenancy with right of survivorship may be severed, a joint tenant may unilaterally sever a joint tenancy in real property without consent of any non-severing joint tenant or tenants by
(a) Execution and delivery of a deed that conveys legal title to the severing joint tenant's interest to a third person, whether or not pursuant to an agreement requiring the third person to reconvey legal title to the severing joint tenant; or
(b) Execution of a written instrument that evidences the intent to sever the joint tenancy, including a deed that names the severing tenant as the direct grantee of the severing tenant's interest.
2. No severance of a joint tenancy pursuant to subdivision one of this section shall terminate the right of survivorship of any non-severing joint tenant or tenants as to the severing tenant's interest unless the deed or written instrument effecting the severance is recorded, prior to the death of the severing tenant, in the county where the real property is located. (emphasis added).
* * *
Plaintiffs argue RPL § 240-c(2) creates a bright line rule that the filing of a deed severing joint tenancy after the death of the severing tenant renders the deed a legal nullity. Plaintiffs also challenge that Dino had actual knowledge of and consented to the April 8, 2021, deed.
Defendant counters that the intent of the statute is to prevent a severing joint tenant from defrauding the co-tenant of his right of survivorship by secretly executing a severance deed without providing notice. Given the undisputed fact that Luisa duly executed the deed in life, conveying her interest in the property to the trust on April 8, 2021, and had verbally communicated her intent to severing the joint tenancy, her actions comport with the spirit of RPL § 240-c(2).
At this pre-discovery stage of litigation, and because the court must accept the factual allegations of those defenses as true, this Court finds the April 8, 2021, fully executed deed, was performed in good faith, in the absence of any allegation of fraud, provided notice to the non-severing joint tenant, and fulfilled the purpose of the RPL§ 240-c statute. Plaintiffs have failed to demonstrate that this defense is completely without merit.
In addition to the ensuring the rule of law, New York courts are courts of equity and may occasionally find the application of "blackletter law" is insufficient to fulfill justice. Thus, in resolving questions of statutory interpretation, the court's primary consideration is to "ascertain and give effect to the intention of the Legislature." People v Galindo, 38 NY3d 199, 203 (2022) (citing Riley v. County of Broome, 95 NY2d 455,463 (2000)). To achieve this goal, the Court may have to look beyond the statute's plain language to ascertain its intent. See Lapolla v. Board of Ed. of City of New York, 195 Misc. 651, 655 (Sup. Ct. NY Co. 1949), aff'd sub nom. Lapolla v. Bd. of Educ. of City of New York., 275 A.D. 1038 (1st Dept. 1949), aff'd sub nom. Lapolla v. Bd. of Educ. of City of New York, 301 NY 580 (1950); See also People ex rel. City of New York v. Hoar, 75 N.Y.S.2d 622 (Sup. Ct. Ulster Co. 1947) (holding "Adherence to the strict letter of a statute should never be permitted to defeat the general, manifest, and reasonable purpose [*2]intended to be promoted. A statute will not be permitted to work injustice or an absurdity").
In that regard, "[t]he cardinal rule underlying the construction of a statute is to ascertain and follow the intent of the Legislature," Water Serv. Corp. v. Crown Mills Onondaga, 132 Misc. 848, 854 (Sup. Ct. Onondaga Co. 1928). When the Court finds that the strict construction of a statute does not accurately comport with the legislative intention, then the Court must apply the statute in accord with the legislative intent. Id.; Westchester County. Socy. for Prevention of Cruelty to Animals v. Mengel, 266 A.D. 151, (2nd Dept. 1943). As such, courts are not strictly bound by the exact language of a statute, and, when appropriate, may deviate from the uncompromising cookie cutter application of such statute, to do justice as dictated by the facts of the case.
The legislative intent of RPL § 240-c instructs that the primary goal of the statute is to eliminate fraud.[FN1]
The State of New York Department of Law's Memorandum for the Governor states, "[t]his bill seeks to eliminate possible fraud (by use of an unrecorded secret deed) between joint tenants with a right of survivorship".[FN2]
Furthermore, the conveyance letter of Senator Stephen M. Saland to the Executive Chamber provides, "[t]he requirement that conveyances be recorded also serves to prevent fraud associated with conveyances done under current law that are never disclosed."[FN3]

The fact that the title company did not record with the New York City Real Property Register's Office the April 8, 2021, deed until after Luisa's death, in the absence of any allegation of fraud, and in the height of the Covid-19 pandemic, does NOT dictate a different result. Luisa, in the spirit of RPL § 240-c (2), provided notice of her intention to sever her joint tenancy by duly executing the deed dated April 8, 2021. Luisa took all steps to strictly adhere to the requirements of RPL § 240-c(2). Accordingly, Plaintiffs' motion to dismiss Defendant's third affirmative defense is denied.
Moreover, this Court grants Plaintiff's motion for dismissal of the Defendant's first affirmative defense and finds that Plaintiff Gilda enjoys standing to quiet title given the reversion language of the 2004 Constructive Trust Agreement.
A plaintiff has standing when she has suffered "some threatened or actual injury resulting from the putatively illegal action" see Linda R.S v. Richard D., 410 U.S. 614, 617 (1973). An injured plaintiff can only assert claims on behalf of herself, not on behalf of another. Caprer v. Nussbaum, 36 AD3d 176 (2nd Dept. 2006). It is undisputed that a life estate and all the benefits afforded with it, cease upon the death of the life tenant. Matter of Carey, 249, AD2d 542, 544 (2nd Dept. 1998). Defendant here contends that Gilda lacks standing as a holder of a life estate [*3]interest and that she is unharmed by any actions taken by Luisa. Plaintiffs argue that Gilda has standing because she is an "interested party" and the Constructive Trust Agreement indicates that should either of the remaindermen, Dino and Luisa, with an interest in the property, predecease Gilda, the subject property shall be distributed according to Gilda's Last Will and Testament.[FN4]

There is no claim that Gilda's life estate is currently in jeopardy. Further, although the valid execution of the deed dated April 8, 2021, would normally nullify any interest outside of the life estate that Gilda may have retained in the property through the Constructive Trust Agreement from October 2004, said agreement reasonably confers standing to challenge the April 8, 2021, deed at this pre-discovery stage of litigation. This Court agrees with Plaintiff and finds that Gilda has standing.[FN5]

In this case, the present dispute concerns Dino's future interests in the subject property. New York courts have held "even when a beneficial interest in a trust is subject to a condition precedent, that uncertainty is not enough to deny standing to the party who seeks to protect the trust property to which such interest relates." In re Svenningsen, 105 AD3d 164, 176 (2nd Dept. 2013) citing Matter of Morse, 177 Misc 2d 43, 46 (Surrogate's Ct. NY Co. 1998). Further, it is well established that a contingent remainderman of a testamentary trust under an original will has standing to pursue an action. Benjamin v. Morgan Guar. Trust Co. of NY, 163 AD2d 135 (1st Dept. 1990).
Defendant argues that 1) Dino's interest is not ripe until he survives his mother; 2) there is no guarantee that Dino will do so; and 3) that there is currently no way to predict whether Gilda will appoint a portion of her interest in the property to Luisa's surviving children, making it impossible to identify the aggrieved party in this lawsuit. Plaintiffs counter that, under RPL § 240-c(2) and, by the execution of the deed dated October 25, 2004, Dino has standing. However, Plaintiffs do not discuss how RPL § 240-c(2) provides Dino withstanding in this matter.
It is undisputed that Gilda and her now deceased husband retained life estates in the subject property through the deed dated October 25, 2004, and related trust. The same document gave remainder interests to Dino and Luisa as joint tenants with the right of survivorship, creating a contingent remaindermen interest for both siblings, and the surviving parent upon a predeceased child, given the reversion language of the trust. See, In re Maloney, 2012 WL 1890314 at *5 (Bankr. Ct. E.D.NY 2012). As such, Dino and Gilda have standing to protect the interests of the subject property. The uncertainty of his right vesting subject to Gilda passing away is not enough to deny him standing in a dispute about the future interests of the property, which may revert to her in life. See In re Svenningsen, 105 AD3d 164 (2nd Dept. 2013). As this matter currently concerns the future interests in the property, Dino's interest in the property is ripe.
Accordingly, Dino's interest is ripe for adjudication and that portion of Plaintiffs' motion [*4]to dismiss the Defendant's second affirmative defense is DENIED.
Based on the foregoing, Defendant's cross motion seeking dismissal of Plaintiff's Complaint pursuant to Defendant's first and second affirmative defenses is DENIED.
Plaintiff's Motion to Dismiss Pursuant to CPLR § 3211(a)(7)
As it relates to Plaintiff's motion to dismiss Defendant's first counterclaim alleging fraud pursuant to CPLR § 3211(a)(7) is GRANTED.
In considering a motion to dismiss for failure to state a cause of action, the court must afford a liberal construction, accept the facts alleged as true, accord the pleader the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. Leon v. Martinez, 84 NY2d 83, 87-88 (1994). "[T]he sole criterion is whether the pleading states a cause of action, and if from its four corners [the] factual allegations . . . which taken together manifest any cause of action cognizable at law." Guggenheimer v. Ginzburg, 43 NY2d 268, 275 (1977).
To successfully establish a claim of fraud, the moving party must establish by clear and convincing evidence: "(1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the Plaintiff, and (5) damages." Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 NY3d 553, 559 (2009). Defendant contends that Dino committed fraud when he allegedly communicated his consent to Luisa after she shared her plans to sever the joint tenancy with right of survivorship, and then recanted by denying ever giving his consent. Defendant argues that Luisa reasonably relied upon Dino's consent when she executed the deed transferring her property rights to the trust and that Dino has now misrepresented to the trustee his lack of consent to have sole claim of the property.[FN6]

Plaintiffs argue that Defendant fails to establish all elements of fraud. Namely, Plaintiffs argue that Defendant fails to establish a nexus between justifiable reliance on Dino's alleged consent and the failure to record the deed dated April 8, 2021. Pursuant to RPL § 240-c(1), "a joint tenant may unilaterally sever a joint tenancy in real property without consent of any non-severing joint tenant or tenants." In the instant matter, this Court finds that Dino's consent, even if given, was not required for Luisa to sever the joint tenancy with right of survivorship and that any reliance upon his alleged consent was not legally necessary to file the duly executed April 8, 2021, deed. Given the facts at bar, Defendant's fraud claim must fail.
Accordingly, Plaintiffs' motion to dismiss Defendant's counterclaim for fraud is GRANTED. Plaintiffs argue that the Defendant has no standing to raise the affirmative defense of fraud. Based on the foregoing, this court denies that portion of Plaintiff's motion as moot.
Plaintiff's Motion for Summary Judgment Pursuant to CPLR § 3211(c)
Plaintiffs' motion to convert their motion to dismiss into a motion for summary judgment under CPLR § 3211(c) is denied as discovery is not complete.
Pursuant to CPLR § 3211(c), regardless of whether issue has been joined, the Court may, upon adequate notice to the parties, treat the motion as a motion for summary judgment. Such notice is not required where (i) there are no issues of fact, (ii) both sides specifically request that [*5]the motion be treated as a CPLR § 3211(c) motion, or (iii) where both sides make it unequivocally clear that they are laying bare their proof and are deliberately charting a summary judgment course. Hendrickson v. Philbor Motors, Inc., 102 AD.3d 251, 258-259 (2nd Dept. 2012). This conversion, under the correct set of facts, is to the sole discretion of the deciding court.
After careful consideration, this Court finds such conversion at this junction of the proceedings is premature. Plaintiffs' motion pursuant to CPLR § 3211(c) is DENIED.
Plaintiff's Motion Pursuant to CPLR § 3403
Plaintiffs' motion for the Court to grant preference to Plaintiffs due to age pursuant to CPLR § 3403(4) is GRANTED.
CPLR § 3403(4) provides in relevant part that a preference shall be granted in " . . . in any action upon the application of a party who has reached the age of seventy years." Id. It is undisputed that Plaintiff Gilda is beyond the age of seventy. That portion of this Court's previously issued Order dated June 8, 2023, E 46 is vacated and recalled.
Accordingly, it is
ORDERED, that Plaintiffs' motion seeking dismissal of Defendant's counterclaim for fraud is GRANTED; and it is further
ORDERED, that Plaintiffs' motion seeking dismissal of Defendant's first affirmative defense regarding Gilda's standing is GRANTED; and it is further
ORDERED, that Plaintiffs' motion seeking dismissal of Defendant's second affirmative defense regarding the ripeness of Dino's claim is GRANTED; and it is further
ORDERED, that Plaintiffs' motion seeking dismissal of Defendant's third affirmative defense regarding RPL § 240(c) is DENIED; and it is further
ORDERED, that Defendant's cross motion is DENIED in its entirety; and it is further
ORDERED, that Plaintiffs' motion requesting the Court to convert the motion to dismiss into one for summary judgment is DENIED; and it is further
ORDERED, that Plaintiffs' motion requesting the Court to grant the Plaintiff preference pursuant to CPLR § 3403(4) is GRANTED.
This constitutes the Decision and Order of the Court.
Dated: March 21, 2024
E N T E R:
Hon. Lumarie Maldonado Cruz, A.J.S.C.

Footnotes

Footnote 1:The senate bill jacket for RPL§ 240-c provides:
[h]owever, because a joint tenant, even under current law, may "secretly" sever the tenancy and extinguish any other tenant's right of survivorship, provisions requiring recordation of a severing conveyance are needed . . . Such a requirement . . . will eliminate the potential for fraud which exists under current law, whereby a severing tenant can effectively cancel the severance and succeed to a joint tenant's property interest by destroying the severing documents if the non-severing tenant is first to die. Id., page 7.

Footnote 2:Def's Memo of Law, Exh. C, page 12.

Footnote 3:Id., page 6.

Footnote 4:Def's Cross Motion, Exh. B, E 25.

Footnote 5:Pltff's Compl. E 1, page 1. This Court takes notice that Gilda has only a life estate right to the property and even if one of her children pre-deceased her and unless the property reverts back to her as a fee owner, regardless of the tax and any appropriate lien consequences, Dino's share would have to be distributed according to Trust and Estate law and not via Gilda's Last Will and Testament.

Footnote 6:Def's Memo of Law, E 28, Def's Answer with Counterclaims, E 10, page 3; see also Matter of Mary Davis, 36 Mis.3d 1211(a) (New York State's Dead Man Statute does not bar the court's consideration of statements contrary to Decedent's at the motion to dismiss or summary judgement stage of litigation).